IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SANTIAGO L. NAVARRO,

        Plaintiff,

vs.

COUNTRYWIDE HOME LOANS, INC.;
BANK OF AMERICA HOME LOANS;
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.;
and DOES 1 through 50;

        Defendants.
_____/

No. CIV S-10-2848 JAM EFB PS

ORDER AND
ORDER TO SHOW CAUSE

This case, in which plaintiff is proceeding *pro se*, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). On October 21, 2010, Navarro removed the action to this court from Sacramento County Superior Court.[1] Dckt. No 1.[2]

---

[1] Although the notice of removal states that Navarro is the "plaintiff" in this action, Navarro states in the notice of removal that the purported "defendants" filed a state law complaint against Navarro, which would indicate that Navarro is actually the defendant in this action. Dckt. No. 1.

[2] Also on October 21, 2010, Navarro filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Dckt. No. 2. Further, on November 1, 2010, Navarro filed a

1

This court has an independent duty to ascertain its jurisdiction and may remand *sua sponte* for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Although Navarro's notice of removal contends that this court has federal question jurisdiction since the state court complaint alleges various federal claims, Navarro failed to file a copy of the state court complaint, as required by 28 U.S.C. § 1446(a). *See* 28 U.S.C. § 1446(a) (providing that removing defendants "shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . . , together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."). Therefore, the court is unable to verify that jurisdiction is proper.

Accordingly, Navarro will be ordered to show cause why this action should not be remanded to state court due to his failure to file a copy of all of the pleadings, process and orders that were served on him in the state action, and as a result, his failure to establish that this court has subject matter jurisdiction over the action. Navarro will also be ordered to file a copy all of the pleadings, process and orders that were served on him in the state action and to inform the court whether the notice of removal was served on the state court plaintiffs, as required by 28 U.S.C. § 1446(d). *See* 28 U.S.C. § 1446(d) ("Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded."). A

---

motion for a temporary restraining order. Dckt. No. 3. However, in light of the removal defects addressed herein, the court defers ruling on Navarro's request to proceed *in forma pauperis* and motion for a temporary restraining order.

failure to comply with this order may result in a recommendation that this action be remanded to Sacramento County Superior Court.

Accordingly, IT IS HEREBY ORDERED that:

1. Navarro shall show cause, in writing, no later than November 17, 2010, why this action should not be remanded to state court due to his failure to file a copy of the state court complaint, and as a result, his failure to establish that this court has subject matter jurisdiction over the action.

2. On or before November 17, 2010, Navarro shall also file a copy of all of the pleadings, process and orders that were served on him in the state action and shall inform the court whether the notice of removal was served on the state court plaintiffs, as required by 28 U.S.C. § 1446(d).

3. Failure of Navarro to file a response to the order to show cause or to otherwise comply with this order may result in a recommendation that this action be remanded to Sacramento County Superior Court.

SO ORDERED.

DATED: November 2, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE