1

2

3

4

5

6

7

8                           IN THE UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10   SANTIAGO L. NAVARRO,

11                    Plaintiff,                       No. CIV S-10-2848 JAM EFB PS

12        vs.

13   COUNTRYWIDE HOME LOANS, INC.;
     BANK OF AMERICA HOME LOANS;
14   MORTGAGE ELECTRONIC
     REGISTRATION SYSTEMS, INC.;
15   and DOES 1 through 50;                            ORDER TO SHOW CAUSE

16                    Defendants.
                                            /
17

18        This case, in which plaintiff is proceeding *pro se*, is before the undersigned pursuant to

19   Eastern District of California Local Rule 302(c)(21).  *See* 28 U.S.C. § 636(b)(1).  On October 21,

20   2010, Navarro removed the action to this court from Sacramento County Superior Court;[1] on

21   October 21, 2010, Navarro filed an application to proceed *in forma pauperis*; and on November

22   1, 2010, Navarro filed a motion for a temporary restraining order.  Dckt. Nos. 1, 2, 3.

23   ////

24

25        [1] Although the notice of removal states that Navarro is the "plaintiff" in this action,
     Navarro states in the notice of removal that the purported "defendants" filed a state law
     complaint against Navarro, which would indicate that Navarro is actually the defendant in this
26   action.  Dckt. No. 1.

                                              1

On November 2, 2010, the undersigned issued an order requiring Navarro to (1) show cause why this action should not be remanded to state court due to his failure to file a copy of the state court complaint, and as a result, his failure to establish that this court has subject matter jurisdiction over the action; and (2) file a copy of all of the pleadings, process and orders that were served on him in the state action and inform the court whether the notice of removal was served on the state court plaintiffs, as required by 28 U.S.C. § 1446(d).[2]  Dckt. No. 5.

On November 17, 2010, Navarro filed a response to the order to show cause, stating that the removal was proper and including a copy of a deed of trust and a substitution of trustee. Dckt. No. 6.  However, because Navarro has once again failed to file a copy of the state court complaint, the undersigned cannot determine whether this court has subject matter jurisdiction over the action.  *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").  Navarro also failed to file any of the "pleadings, process and orders that were served on him in the state action" and failed to inform the court whether the notice of removal was served on the state court plaintiffs, as required by 28 U.S.C. § 1446(d).  *See* 28 U.S.C. § 1446(a) (providing that removing defendants "shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . . , together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."); 1446(d) ("Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.").

Accordingly, Navarro will once again be ordered to show cause why this action should not be remanded to state court due to his failure to file a copy of all of the pleadings, process and

---

[2]  The order also deferred ruling on Navarro's request to proceed *in forma pauperis* and motion for a temporary restraining order in light of the removal defects.  Dckt. No. 5 at 1-2, n.2.

1  orders that were served on him in the state action, and as a result, his failure to establish that this

2  court has subject matter jurisdiction over the action.  Navarro will also once again be ordered to

3  file a copy all of the pleadings, process and orders that were served on him in the state action and

4  to inform the court whether the notice of removal was served on the state court plaintiffs, as

5  required by 28 U.S.C. § 1446(d).  A failure to comply with this order may result in a

6  recommendation that this action be remanded to Sacramento County Superior Court.

7          Accordingly, IT IS HEREBY ORDERED that:

8          1.  Navarro shall show cause, in writing, no later than December 8, 2010, why this action

9  should not be remanded to state court due to his failure to file a copy of the state court complaint,

10  and as a result, his failure to establish that this court has subject matter jurisdiction over the

11  action.

12          2.  On or before December 8, 2010, Navarro shall also file a copy of all of the pleadings,

13  process and orders that were served on him in the state action and shall inform the court whether

14  the notice of removal was served on the state court plaintiffs, as required by 28 U.S.C. § 1446(d).

15          3.  Failure of Navarro to file a response to the order to show cause or to otherwise

16  comply with this order may result in a recommendation that this action be remanded to

17  Sacramento County Superior Court.

18          SO ORDERED.

19  DATED:  November 23, 2010.

20                                                    EDMUND F. BRENNAN
                                                     UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26