IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTIAGO L. NAVARRO,<br><br>         Plaintiff,<br><br>    vs.<br><br>COUNTRYWIDE HOME LOANS, INC.;<br>BANK OF AMERICA HOME LOANS;<br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC.;<br>and DOES 1 through 50;<br><br>         Defendants.<br>_____/ | No. CIV S-10-2848 JAM EFB PS<br><br><br><br><br><br><br>FINDINGS AND RECOMMENDATIONS |

This case, in which plaintiff is proceeding *pro se*, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). On October 21, 2010, Navarro removed the action to this court from Sacramento County Superior Court;[1] on October 21, 2010, Navarro filed an application to proceed *in forma pauperis*; and on November 1, 2010, Navarro filed a motion for a temporary restraining order. Dckt. Nos. 1, 2, 3.

////

---

[1] Although the notice of removal states that Navarro is the "plaintiff" in this action, Navarro states in the notice of removal that the purported "defendants" filed a state law complaint against Navarro, which would indicate that Navarro is actually the defendant in this action. Dckt. No. 1.

1

On November 2, 2010, the undersigned issued an order requiring Navarro to (1) show cause why this action should not be remanded to state court due to his failure to file a copy of the state court complaint, and as a result, his failure to establish that this court has subject matter jurisdiction over the action; and (2) file a copy of all of the pleadings, process and orders that were served on him in the state action and inform the court whether the notice of removal was served on the state court plaintiffs, as required by 28 U.S.C. § 1446(d).[2]  Dckt. No. 5.

On November 17, 2010, Navarro filed a response to the order to show cause, stating that the removal was proper and including a copy of a deed of trust and a substitution of trustee. Dckt. No. 6.  However, because Navarro once again failed to file a copy of the state court complaint, on November 23, 2010, the undersigned issued a further order to show cause, explaining that the court still could not determine whether it has subject matter jurisdiction over the action.  Dckt. No. 7 at 2 (citing 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.")). The further order to show cause also noted that Navarro failed to file any of the "pleadings, process and orders that were served on him in the state action" and failed to inform the court whether the notice of removal was served on the state court plaintiffs, as required by 28 U.S.C. § 1446(d).  Dckt. No. 7 at 2 (citing 28 U.S.C. § 1446(a) (providing that removing defendants "shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . . , together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.") and 1446(d) ("Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further

---

[2] The order also deferred ruling on Navarro's request to proceed *in forma pauperis* and motion for a temporary restraining order in light of the removal defects.  Dckt. No. 5 at 1-2, n.2; *see also* Dckt. No. 7 at 2, n.2.

1  unless and until the case is remanded.")).

2  The further order to show cause directed Navarro "to show cause why this action should
3  not be remanded to state court due to his failure to file a copy of all of the pleadings, process and
4  orders that were served on him in the state action, and as a result, his failure to establish that this
5  court has subject matter jurisdiction over the action"; directed Navarro "to file a copy all of the
6  pleadings, process and orders that were served on him in the state action and to inform the court
7  whether the notice of removal was served on the state court plaintiffs, as required by 28 U.S.C.
8  § 1446(d)"; and informed Navarro that "[a] failure to comply with this order may result in a
9  recommendation that this action be remanded to Sacramento County Superior Court."  Dckt. No.
10 7 at 2-3.

11 The docket reveals that Navarro has not responded to the further order to show cause and
12 has not informed the court whether the notice of removal was served on the state court plaintiffs.
13 Additionally, Navarro has not filed a copy of the state court complaint, and therefore has not
14 established that this court has subject matter jurisdiction over the action.

15 Accordingly, IT IS HEREBY RECOMMENDED that this action be remanded to the
16 Superior Court of the State of California in and for the County of Sacramento.

17 These findings and recommendations are submitted to the United States District Judge
18 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
19 after being served with these findings and recommendations, any party may file written
20 objections with the court and serve a copy on all parties.  Such a document should be captioned
21 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
22 within the specified time may waive the right to appeal the District Court's order. *Turner v.*
23 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

24 SO ORDERED.
25 DATED: December 22, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3